PER CURIAM.
Thomas Olhausen and Henry Stripling, co-owners of a Florida beverage license, appeal from a final administrative order of the Director of the Division of Alcoholic Beverages and Tobacco, Department of Business Regulation, adopting the recommended order of the hearing examiner and revoking the said beverage license. The recommended order of the hearing examiner contains the following findings of fact and conclusions of law:
“FINDINGS OF FACT
1. The Respondents, Thomas Olhau-sen and Henry Stripling, d/b/a Trackside Lounge, hold Beverage License No. 23-1647, Series No. 4-COP, which was issued for the current year.
2. On or about June 5, 1983, the Respondent Thomas Olhausen sold a controlled substance, namely cocaine, to Beverage Officer Terminello while he was on the licensed premises known as Trackside Lounge in Dade County, Florida.
3. On or about June 8, 1983, the Respondent Thomas Olhausen sold cocaine to Beverage Officer Dodson while he was on the Trackside Lounge premises.
4. On or about June 12, 1983, the Respondent Thomas Olhausen sold cocaine to Beverage Officer Terminello while he was on the premises of Track-side Lounge.
5. The Respondent Henry Stripling did not go onto the Trackside Lounge between the dates of March 10 and June 10, 1983, pursuant to a restraining order issued on March 10, 1983, by the Dade County Circuit Court.
6. This March 10, 1983, court order appointed two receivers to supervise the operation of the business known as Trackside Lounge. Pursuant to this authority the receivers employed Thomas Olhausen to operate and manage the business. Thus, Thomas Olhausen was not subject to the restraining order which barred Henry Stripling from entry onto the Trackside Lounge premises.
7. The Respondent Henry Stripling had no connection with the sale of cocaine by the Respondent Thomas Olhau-sen to the Beverage Officers on June 5, 8 and 12, 1983.
8. The court order of March 10, 1983, did not attempt to effect a judicial transfer of the beverage license held by the Respondents.
9. The court appointed receivers did not file an application for a beverage license pursuant to Section 561.17, Florida Statutes, and there is no evidence that the receivers attempted to transfer the beverage license held by the Respondents pursuant to Section 561.32(l)(a) and (b), Florida Statutes, or Section 7A-2.06(6), Florida Administrative Code.
10. The court appointed receivers did not file a certified copy of the order appointing them as receivers with the Division of Alcoholic Beverages and Tobacco pursuant to Section 7A-2.06(6), Florida Administrative Code.
CONCLUSIONS OF LAW
1. The Division of Administrative Hearings has jurisdiction over the parties to and the subject matter of this proceeding. Section 120.57(1), Florida Statutes.
2. Section 561.29(l)(a), Florida Statutes, authorizes the Division of Alcoholic Beverages and Tobacco to revoke or suspend an alcoholic beverage license when it is shown that the licensee, or his agent or employee, while on the licensed premises, violated any law of the State of Florida.
3. Section 893.13(l)(a), Florida Statutes, makes it unlawful for any person to sell a controlled substance. Cocaine is a controlled substance pursuant to Section 893.03(2), Florida Statutes.
4. Based on the stipulation between the parties, it is concluded that Thomas Olhausen did sell a controlled substance, namely cocaine, on the dates in question *516 as alleged in Count I of the Notice to Show Cause, in violation of the provisions of Chapter 893, Florida Statutes.
5. The licensees of record on the dates in question were Henry Stripling and Thomas Olhausen as reflected by the records of the Division of Alcoholic Beverages and Tobacco.
6. Section 561.17, Florida Statutes, requires that any person, before engaging in the alcoholic beverage business, file an application for a beverage license. Further, Section 7A-2.06(6), Florida Administrative Code, provides:
(6) Appointee of Court: If, under judicial proceedings, an appointee of a court of competent jurisdiction is ordered to conduct the business on the licensed premises, the alcoholic beverage license involved shall be transferred to the name of such appointee, pending further order of the court, upon the filing with the Division of a certified copy of the order of appointment.
7. The co-receivers did not follow the provisions of section 561.17, Florida Statutes, or the provisions of Section 7A-2.-06(6), Florida Administrative Code, and thus the receivers are not licensees of record in this proceeding.
8. The legal licensees of record, Henry Stripling and Thomas Olhausen, are responsible for illegal acts committed on the licensed premises, such as those alleged in Count I of the Notice to Show Cause.
9. On three occasions the Respondent, Thomas Olhausen a licensee, sold the controlled substance known as cocaine on the licensed premises in violation of Sections 561.29 and 893.13, Florida Statutes. This direct knowledge and participation by the licensee warrants revocation of the alcoholic beverage license held by both of the Respondents.”
R.4-7.
The final order under review rejects the exceptions to the recommended order, adopts the findings and conclusions of the recommended order and revokes the subject beverage license. The final order further states:
“In view of certain mitigating factors presented on behalf of Respondent HENRY STRIPLING, the provisions of this order will not impair his qualifications to obtain another beverage license in the future.”
R.10.
We have no trouble in affirming the final order under review and specifically adopt the hearing examiner’s analysis of the applicable law herein. This order, however, should be modified in one material respect. In view of the aforesaid receivership, restraining order and otherwise innocent conduct of Henry Stripling in this cause, the final order should also provide that upon Henry Stripling’s reapplication for a new beverage license on the subject premises, said beverage license will automatically be issued to him upon payment of the appropriate fees.
The final order under review is affirmed as modified and the cause is remanded to the lower tribunal with directions to amend the said order as stated above.
Affirmed as modified and remanded.
BARKDULL and HUBBART, JJ., concur.